STRAIT ET AL. v. COOK ET AL.

1. **Survey:** DIVISION LINES: PROCEEDINGS TO RE-ESTABLISH. Where division lines between adjoining owners of lands are in dispute proceedings may be instituted by any such owner to have the same established, under chapter 8, laws of 1874, even though the lines have been previously fixed by the county surveyor.

*Appeal from Adams District Court.*

FRIDAY, APRIL 20.

THIS is a proceeding to establish the corners and lines of certain lands, brought and prosecuted under Chap. 8, Acts

Fifteenth General Assembly. The report of a commissioner ·appointed under the provisions of the act was approved and a judgment in accord therewith was entered. Defendants appeal.

*J. H. Maley*, for appellants.

*John Bixby & Son*, for appellees.

BECK, J.—This cause cannot be tried in this court *de novo*, but is heard as a law action upon errors assigned on the face of the record. Unless it be made. to appear affirmatively by the record that the proceedings or decisions of the court below, in some material respect, are erroneous, we cannot disturb the judgment. We will presume the judgment to be correct unless error be shown. The application of these familar principles disposes of many objections urged by defendants to the proceedings.

. I. It is first insisted that defendants' motion to set aside the report of the commissioner, on the ground of its inaccuracy, should have been sustained. This constitutes the first ground of objection to the action of the court presented in argument.

The field notes of the commissioner, who is a surveyor, show the distances between certain corners found by him or determined by his measurements.

These distances, defendants insist, are erroneous, as they reach beyond the points indicated by the notes. The manner of reading the figures indicating the distances adopted by counsel leads to the result claimed by him. But his reading is incorrect. As we understand the notes, the length of the section lines and of the half-section lines are given. The thought may be more clearly expressed in this way. A B C is the section line. A B and B C are the half section lines. A B C is 80 chains. A B is 40 chains. A B is a part of A B C. Counsel read the distances, 40 chains and 80 chains as though they applied to distinct lines. We understand the half section corners are indicated when known and the distances of the half section lines are in such cases given. The error com-

plained of by defendants, in these lines and distances, is not made to appear from the record.

III. It is next insisted that a corner is not designated either as a section or a quarter section corner and its place is not definitely pointed out. The distances show it to be a quarter section corner and indicate its precise place.

III. It is claimed that the lines and corners were established by a prior decree of the District Court. But the record before us fails to show what corners and lines were established by such decree, and that plaintiffs were parties to the action. One of the plaintiffs, it appears, was a surety on the injunction bond in the case. It cannot be claimed he thereby became a party to the action.

IV. It is urged that the commissioner did not make the survey "according to the rules prescribed by act of Congress and the instructions of the Secretary of the Interior." But the record does not show that this objection is well founded. The commissioner states in his report that he made the survey "according to law and the instructions of the Surveyor General." He further says that he "worked by" the original field notes, and we fail to find anything in the record showing that his survey did not correspond therewith. We are required to presume it was correctly made.

V. The commissioner, as he was authorized by Acts Fifteenth General Assembly, Chap 8, § 3, took the evidence

1. SURVEY: division lines: proceedings to re-establish. of certain witnesses in regard to the place of certain corners. It is insisted that a part of this evidence is incompetent as hearsay. But if this objection be well taken, which we do not decide, we think the record fails to show that the corners were not correctly established to accord with the original field notes.

VI. Defendants insist that the corners were not lost as they had been established by the county surveyor prior to this proceeding. But notwithstanding the survey made by the county surveyor it was not acquiesced in by plaintiffs, and the lines and corners were in dispute. In such case the proceedings before us are authorized. Acts Fifteenth General Assembly,

Chap. 8, §2. It is not made to appear that plaintiffs were bound by the survey made by the county surveyor and could not dispute its correctness.

AFFIRMED.